## GUS BLASS CO. v. COMMISSIONER OF INTERNAL REVENUE.
### No. 14690.

United States Court of Appeals
Eighth Circuit.
May 7, 1953.

W. S. Miller, Jr., Little Rock, Ark. (E. Charles Eichenbaum and Leonard L. Scott, Little Rock, Ark., on the brief), for petitioner.

I. Henry Kutz, Sp. Asst. to Atty. Gen. (Charles S. Lyon, Asst. Atty. Gen., and Ellis N. Slack and Helen Goodner, Sp. Assts. to Atty. Gen., on the brief), for respondent.

Before GARDNER, Chief Judge, and WOODROUGH and THOMAS, Circuit Judges.

## WOODROUGH, Circuit Judge.

The taxpayer, petitioner herein, is an Arkansas corporation engaged in business in Little Rock, Arkansas, as a retail department store. The Commissioner of Internal Revenue determined deficiencies in taxpayer's excess profits taxes for the taxable years ending January 31, 1943, 1944, and 1945, and a deficiency in declared value excess profit tax for the year ending January 31, 1944. The taxpayer petitioned the Tax Court for a re-determination of the deficiencies. The Tax Court held, in an opinion reported at 18 T.C. 261, that the Commissioner had properly determined petitioner's taxes in question and entered decision for the Commissioner. The taxpayer petitioned this court for review of that decision.

The facts in the case were stipulated by the parties and were found by the Tax Court in accord with the stipulation. They are incorporated in the opinion of the Tax Court and are assumed for the purposes of this opinion.

Briefly summarized it appears that the years 1937, 1938, 1939 and 1940 were the base period years for the purpose of computing petitioner's excess profits taxes which are here in issue: Petitioner's income tax returns for the first three of those years had excluded the item of freight and purchase discounts (hereinafter collectively called "freight") from its inventories; the 1940 return included freight in the closing inventory only. When petitioner's excess profits taxes for the years 1943, 1944, and 1945 were calculated, the Commissioner in determining the excess profits credit, adjusted taxpayer's income tax returns for the base period years 1937 to 1940 so that all of petitioner's inventories included the item of freight. The application of these adjustments showed that taxpayer had paid too large an income tax for the base period years. The amount of the overpayment of income tax was determined and the taxpayer was given a credit for that amount. The excess profits credit was likewise reduced in accordance with the amount of the proper income, and the Tax Court affirmed the Commissioner's determination of deficiency in petitioner's excess profits taxes computed upon the adjusted figures for the base period years.

As stated by the Tax Court, "The real issue in the case is not whether respondent [the Commissioner] correctly applied section 734 [of the Internal Revenue Code, 26 U.S.C.A. § 734] in making such adjustment, but whether respondent correctly adjusted petitioner's inventories for the

base period years in computing the excess profits credit, thereby giving rise to the adjustment provided for by section 734. We must, therefore, consider for purposes of determining the excess profits credit whether the method employed by petitioner in reporting its income for the base period years was incorrect as maintained by respondent or was correct as argued by petitioner so that no adjustment may now be made."

It is taxpayer's contention that its income tax returns for the base period years were revised by the Commissioner in the very elements here challenged, were accepted by the Commissioner as revised, and that the returns as revised and accepted were correct and should be used in determining its excess profits tax credit for the years 1943, 1944, and 1945. Respondent contends and the Tax Court held that under the law applicable during the base period years, taxpayer's returns for those years were incorrect, and that section 734 required the Commissioner to recalculate the income for those base period years properly for the purpose of assessing the excess profits tax credit, even though the statute of limitations had run as to those years and even though the Commissioner had previously revised and accepted the earlier returns.

Section 734 provides for an adjustment if a determination of a taxpayer's excess profits tax liability treats an item or transaction affecting the excess profit credit inconsistently with the treatment of such item or transaction in the determination of the income tax liability of the taxpayer for a prior taxable year or years. Treasury Regulation 112, Sec. 35.734–1. The correction may be made by an adjustment under Section 734 only when the item or transaction was treated in prior years in a manner which, in the words of the statute, "was not correct under the law applicable to such year".[1] Our discussion will accordingly be confined to the question whether the original calculations of the taxpayer's income tax for the base years as revised and accepted by the Commissioner were incorrect under the law applicable to those years.

Respondent admits that it is proper for the Commissioner to adjust the income tax liabilities for the base period years only if those taxes were assessed in a manner incorrect in view of the law applicable at the time. In the situation which is presented the taxpayer is asserting that the Commissioner of Internal Revenue was correct in his assessment of income taxes, while the Commissioner is asserting that he (the Commissioner) was wrong in his earlier assessment and that the taxpayer paid too large an income tax for the base period years.

The dispute centers around the handling, for income tax purposes, of freight costs and purchase discounts in computing taxpayer's inventories. The taxpayer excluded freight as part of the cost in both its opening and closing inventories up to and including its income tax return for the year ending January 31, 1936. That action of excluding freight was reviewed and approved by the Internal Revenue authorities for the years 1933 and 1934.

For the years ending January 31, 1937 and 1938 (the first of the base period years), the taxpayer included freight as part of the cost of its opening and closing inventories. The Commissioner examined these returns and adjusted the taxable income by excluding freight from all taxpayer's inventories. The Commissioner's reason, as explained in a letter of February 23, 1939, to the taxpayer, was that since freight had been eliminated in the 1936 return it must also be eliminated in subsequent returns because if freight were excluded in the 1936 return and included

1. There are two other conditions precedent to applying Section 734. They are (1) correction of the effect of such prior erroneous treatment must be prevented by the operation of a provision or rule of law—in this case, the statute of limitations; and (2) the inconsistent position adopted in the determination must be maintained by the party adversely affected by the adjustment. There is no serious contention here that these other conditions are not met in the situation presented in this case.

in the 1937 return, "it would mean that the taxpayer would have the advantage of a non-taxable restoration equal to the amount deducted from the closing 1936 inventory. Therefore, to be consistent the same item must be eliminated from the inventory now examined; * * *."

After its actions in including freight for the years 1937 and 1938 had been held improper by the Commissioner, the taxpayer excluded freight from its opening and closing inventories for 1939 and 1940, the remaining two base period years. The taxpayer's return for the fiscal year 1940 was examined in 1942, and no changes were made in the method of computation. In a revenue agent's report of 1943, the 1940 return was re-examined and the taxpayer was notified that its closing inventory for 1940 was increased by the cost of freight which had been excluded. The opening inventory for 1940 was not changed and did not include freight. The statutory notice of deficiency sent to taxpayer on April 6, 1944, explained that freight had been added in the closing inventory for 1940, but not in the opening inventory, because "it is considered reasonable to increase income for this year so that troublesome adjustments can be eliminated, accordingly, income is increased by the closing adjustment."

The result was that taxpayer paid too much income tax in the year 1940. On this appeal, taxpayer's primary contention is that "the Commissioner had the authority to adjust the ending inventory alone where the resulting adjustment had compensating effect on subsequent years."

 That contention finds no support in the decisions of this court or the courts of other circuits. See, Commissioner of Internal Revenue v. Mnookin's Estate, 8 Cir., 184 F.2d 89; Commissioner of Internal Revenue v. Schuyler, 2 Cir., 196 F.2d 85; Welp v. United States, 8 Cir., 201 F.2d 128; Caldwell v. Commissioner, 2 Cir., 202 F.2d 112; Commissioner of Internal Revenue v. Dwyer, 2 Cir., 203 F.2d 522. Those cases hold, in general, that where a closing inventory is used in calculating income, then a proper opening inventory must also be used. The basic reasoning of all those cases is that income accruing in one year must be taxed in that year only, and compensating adjustments in prior or subsequent years are not to be considered. That "basic principle" was recently restated by the Supreme Court in Healy v. Commissioner, 345 U.S. 278, 73 S.Ct. 671, 673, decided April 6, 1953, where the court declares: "One of the basic aspects of the federal income tax is that there be an annual accounting of income. Each item of income must be reported in the year in which it is properly reportable and in no other."

The taxpayer's contention in this case that a wrong computation of income against the taxpayer may be permitted in one year "where there is a compensating effect on subsequent years" may not be sustained. The earlier determination of the Commissioner that only the ending inventory of the year 1940 was includable in the return for that year was incorrect under the law applicable at the time and was properly corrected under Section 734.

Petitioner makes another contention, which must be discussed, to the effect that the Commissioner had discretion to include freight or not, as he saw proper, in calculating taxpayer's income. Conceding the point made above—that if the Commissioner chooses to use a closing inventory, he must use an opening inventory—there still remains this contention of taxpayer that in the years 1937, 1938, and 1939, it was within the discretion of the Commissioner to include freight or not to include it.

Recalculation of taxpayer's inventories to include freight in all inventories for 1937, 1938 and 1939, resulted in a showing that taxpayer had understated its 1937 income by some $1,200, and had overstated its 1938 and 1939 income by approximately $2,400 and $2,200, respectively.

 In this connection it should be noted that taxpayer's books reflected its inventories as including freight—it was only in the returns that freight was excluded. That the taxpayer's books accurately reflected the income and that freight should have been included at all times in both opening and closing inventories seems clear. The applicable Treas-

ury Regulation (T.R. 111, Sec. 29.22(c)–3), in force continuously since the Regulations promulgated under the Revenue Act of 1924, provides in part that "cost" as applied to inventories means: "* * * the invoice price less trade or other discounts, * * *. To this net invoice price should be added transportation or other necessary charges incurred in acquiring possession of the goods." In Helvering v. Winmill, 305 U.S. 79, 83, 59 S.Ct. 45, 46, 83 L.Ed. 52, the Supreme Court stated: "Treasury regulations and interpretations long continued without substantial change, applying to unamended or substantially reenacted statutes, are deemed to have received congressional approval and have the effect of law." The Treasury regulation applied to the situation here involved makes it clear that freight should have been included in all taxpayer's inventories. That regulation was controlling, and the fact that the Commissioner mistakenly failed to apply it in respect to this taxpayer's income tax returns does not alter the situation. The correction pursuant to Section 734 was properly sustained by the Tax Court.

Other contentions advanced by petitioner have been considered but not found to merit further discussion. The decision of the Tax Court is affirmed.