Lynn K. PETERSON and Eleanor A. Peterson, Plaintiffs,

v.

UNITED STATES of America, Defendant.

Civ. A. No. 8910.

United States District Court S. D. Texas, Houston Division.

May 29, 1956.

Merrill & Scott, William H. Scott, Jr., Houston, Tex., for plaintiffs.

Charles K. Rice, Asst. Atty. Gen., Andrew D. Sharpe and M. Carr Ferguson, Attys., Dept. of Justice, Washington, D. C., Malcolm R. Wilkey, U. S. Atty., and Willard I. Boss, Asst. U. S. Atty., Houston, Tex, for defendant.

INGRAHAM, District Judge.

This case is submitted to the court upon an agreed statement of facts, as follows:

"1. This Court has jurisdiction of this case by virtue of the provisions of Title 26 of the United States Code Annotated.

"2. Plaintiffs (husband and wife) are residents of the Houston Division of the Southern District of Texas.

"3. During the year 1954 plaintiffs paid to the Director of Internal Revenue at Austin, Texas, the sum of $403.83 apiece, or an aggregate of $807.66, being the amount assessed by said Director for substantial under-estimate of estimated tax for the year 1951, said Director acting under the provisions of Section 294(d) (2) of the Internal Revenue Code of 1939, as amended.

"4. In addition to the foregoing, a sum equal to 10% of the tax due was paid by plaintiffs to said Director in satisfaction of an assessment for failure to file a Declaration of Estimated Tax for the year 1951, under the provisions of Section 294 (d) (1) (A) of the Internal Revenue Code of 1939, as amended.

"5. That for the year 1951 plaintiffs did not file a Declaration of Estimated Tax at all.

"6. Plaintiffs admit liability for the 10% amount assessed against and paid by them for failure to file Declaration of Estimated Tax for the year 1951.

"7. On or about July 29, 1954, timely claim was submitted to the Director of Internal Revenue at Austin, Texas, for refund of the sum of $807.66, being the amount theretofore paid by plaintiffs for substantial under-estimate of estimated tax, which claim was thereafter on or about November 4, 1954, by the Director of Internal Revenue refused."

Based on the foregoing facts, the sole issue of law for determination is whether the Commissioner of Internal Revenue is entitled to assess an additional amount under the provisions of both Section 294 (d) (1) (A) and Section 294(d) (2) of the Internal Revenue Code of 1939.

Section 58 of the Internal Revenue Code of 1939 provides:

"§ 58. Declaration of estimated tax by individuals

"(a) *Requirement of declaration.* Every individual * * * shall, at the time prescribed in subsection (d), make a declaration of his estimated tax for the taxable year if—

"(1) his gross income from wages (as defined in section 1621) can reasonably be expected to exceed the sum of $4,500 plus $600 with respect to each exemption provided in section 25(b); or

"(2) his gross income from sources other than wages (as defined in section 1621) can reasonably be expected to exceed $100 for the taxable year and his gross income to be $600 or more.

"(b) *Contents of declaration.* In the declaration required under subsection (a) the individual shall state—

"(1) the amount which he estimates as the amount of tax under this chapter for the taxable year,

without regard to any credits under sections 32 and 35 for taxes withheld at source and without regard to the tax imposed by subchapter E on self-employment income; * * *."

Plaintiffs failed to file Declaration of Estimated Tax for the year 1951. No claim is made by them that their failure was due to reasonable cause and not to willful neglect. The following sections of the code are cited by plaintiffs:

Section 294(d) (1) (A) provides in part as follows:

"In the case of a failure to make and file a declaration of estimated tax within the time prescribed, unless such failure is shown to the satisfaction of the Commissioner to be due to reasonable cause and not to willful neglect, there shall be added to the tax 5 per centum of each installment due but unpaid, and in addition, with respect to each such installment due but unpaid, 1 per centum of the unpaid amount thereof for each month (except the first) or fraction thereof during which such amount remains unpaid. In no event shall the aggregate addition to the tax under this sub-paragraph with respect to any installment due but unpaid, exceed 10 per centum of the unpaid portion of such installment. For the purposes of this subparagraph the amount and due date of each installment shall be the same as if the declaration had been filed within the time prescribed showing an estimated tax equal to the correct tax reduced by the credits under sections 32 and 35."

Section 294(d) (2) provides in part as follows:

"If 80 per centum of the tax (determined without regard to the credits under sections 32 and 35), in the case of individuals * * * exceeds the estimated tax (increased by such credits), there shall be added to the tax an amount equal to such excess, or equal to 6 per centum of the amount by which such tax so determined exceeds the estimated tax so increased, whichever is the lesser. * * *"

Plaintiffs, having filed no tax estimate, made no estimate within the required percentages. Plaintiffs claim that, where they made no estimate at all, they should not be subject to the addition to their tax for substantial underestimation. The imposition of the addition to tax under Section 294(d) (2) of the code is automatic and mandatory, wherever its arithmetic requirements are not met. Smith v. Commissioner, 20 T.C. 663; Hartley v. Commissioner, 23 T.C. 353, 360. Therefore, in order for plaintiffs to recover in this action, they must prove they complied with the requirements of Section 294(d) (2) and did, in fact, estimate the necessary percentage of their tax.

Plaintiffs claim that where no Declaration of Estimated Tax is made, there can be no underestimate of tax and no declaration of a zero estimated tax can be presumed. Sec. 29.294–1 of Treasury Regulation 111 reads in part as follows:

"(b) *Additions for specific failures on the part of the taxpayer with respect to the estimated tax.—*
* * * * *

"(3) *Substantial understatement of estimated tax.—* * * * In the event of a failure to file the required declaration, the amount of the estimated tax for the purposes of this provision is zero.
* * * * *"

Treasury Regulations have force and effect of law unless they are clearly inconsistent with the statute under which they are promulgated. United States v. Grimaud, 220 U.S. 506, 31 S.Ct. 480, 55 L.Ed. 563; United States v. Birdsall, 233 U.S. 223, 34 S.Ct. 512, 58 L.Ed. 930; C. I. R. v. South Texas Lumber Co., 333 U.S. 496, 68 S.Ct. 695, 92 L.Ed. 831.

In Fuller v. Commissioner, 20 T.C. 308, affirmed on other grounds 10 Cir., 213 F.2d 102, a husband and wife attacked the foregoing Regulation on the same grounds urged here by plaintiffs. In rejecting the arguments of the peti-

tioners in the Fuller case, supra, the Tax Court stated at page 316 of 20 T.C.:

"The failure of petitioners to file declarations of estimated tax within the time prescribed for each of these years necessarily resulted in a substantial understatement of estimated tax. We can not agree with petitioners' contention that because they filed no declaration of estimated tax under section 294(a) (1), they can not be held to have violated section 294(d) (2) for making a substantial underestimate of the estimated tax. The regulation provides that when a declaration of estimated tax is not filed, the amount of the estimated tax, for the purpose of the provisions of section 294(d) (2) shall be zero, and that is the basis used by respondent in computing the deficiency under this subsection. The petitioners attack the regulation as being void in that it 'distorted the will of Congress.' The regulation is couched in the same language used by Congress in its Conference Report on legislation covering this subject and follows the procedure therein prescribed. It therefore appears that the regulation actually reflects, rather than distorts, the will of Congress, and we uphold its validity."

Plaintiffs attack the Fuller case as not based upon sound, logical principles, contending that where no Declaration of Estimated Tax is made, no tax is estimated and there cannot be an underestimate of tax. The Fuller case is logical to me and the contentions of plaintiffs are not.

I conclude that the penalty assessments made by the Commissioner of Internal Revenue against plaintiffs for failure to file a Declaration of Estimated Income Tax for the year 1951 were proper and legal assessments.

Plaintiffs' suit will be dismissed, with costs adjudged against them.

Clerk will notify counsel to draft and submit judgment consistent herewith.