Dominick PALMISANO, Plaintiff,

v.

UNITED STATES of America,
Defendant.

Salvador J. CAMPAGNA et al., Plaintiffs,

v.

UNITED STATES of America,
Defendant.

Civ. A. Nos. 6522, 6523.

United States District Court
E. D. Louisiana,
New Orleans Division.

Jan. 22, 1958.

Anzelmo, Maxwell & Thriffiley, Paul J. Thriffiley, Jr., New Orleans, La., for plaintiffs.

M. Hepburn Many, Prim B. Smith, Jr., New Orleans, La., for defendant.

J. SKELLY WRIGHT, District Judge.

The single question presented by these cases is: May the penalty imposed for substantial underestimation of estimated tax be assessed against taxpayers when the penalty for failure to file a declaration of estimated tax has previously been assessed. Taxpayers here failed to file a declaration of estimated tax as required by Section 294(d)(1)(A) [1] of the Internal Revenue Code of 1939, as amended. The Commissioner assessed the penalty provided under that statute for failure to file a declaration of estimated tax, and, in addition, assessed the penalty under Section 294(d)(2) [2] of Internal Revenue

1. Section 294(d) (1) (A) reads:
"In the case of a failure to make and file a declaration of estimated tax within the time prescribed, unless such failure is shown to the satisfaction of the Commissioner to be due to reasonable cause and not to willful neglect, there shall be added to the tax 5 per centum of each installment due but unpaid, and in addition, with respect to each such installment due but unpaid, 1 per centum of the unpaid amount thereof for each month (except the first) or fraction thereof during which such amount remains unpaid. In no event shall the ag-

gregate addition to the tax under this subparagraph with respect to any installment due but unpaid, exceed 10 per centum of the unpaid portion of such installment. For the purposes of this subparagraph the amount and due date of each installment shall be the same as if a declaration had been filed within the time prescribed showing an estimated tax equal to the correct tax reduced by the credits under sections 32 and 35." 26 U.S.C. § 294, 1952 Ed.

2. Section 294(d) (2) reads:
"If 80 per centum of the tax (determined without regard to the credits un-

Code 1939, for substantial underestimation of estimated tax. The taxpayers, having paid both penalties, in these proceedings are suing for the refund of the penalty imposed for substantial underestimation of estimated tax.

The position of the taxpayers is very simple. They contend that since they did not estimate their tax for the year in question, 1953, they cannot possibly be said to have underestimated it. They assert that the two penalties are mutually exclusive, that when one is imposed, the other may not be. They cite several district court cases which have decided the precise question in favor of the taxpayer. Jones v. Wood, D.C., 151 F.Supp. 678; Stenzel v. United States, D.C., 150 F.Supp. 364; Powell v. Granquist, D.C., 146 F.Supp. 308; Owen v. United States, D.C., 134 F.Supp. 31; United States v. Ridley, D.C., 120 F.Supp. 530; Hodgkinson v. United States (S.D.Cal.), decided December 18, 1956 (1956 P–H, par. 72,434); Glass v. Dunn (N.D.Ga.), decided July 9, 1956 (1956 P–H, par. 73,100).

The Government admits, as it must, that Section 294(d)(2) does not specifically provide for penalties for substantial underestimation of estimated tax where no declaration of estimated tax is filed. It points, however, to the conference report explaining Section 294(d)(2) which says "In the event of a failure to file any declaration where one is due, the amount of the estimated tax for the purposes of this provision will be zero." [3] This construction of the statute is embodied almost verbatim in Section 29.294–1(d)(3)(A) of Treasury Regulation 111.[4] The Government cites several district court, as well as tax court, cases which support its position and are in direct conflict with the cases relied on by the taxpayers. Fuller v. Commission-

der sections 32 and 35), in the case of individuals other than farmers exercising an election under section 60(a), or 66⅔ per centum of such tax so determined in the case of such farmers, *exceeds the estimated tax (increased by such credits), there shall be added to the tax an amount equal to such excess, or equal to 6 per centum of the amount by which such tax so determined exceeds the estimated tax so increased, whichever is the lesser.* This paragraph shall not apply to the taxable year in which falls the death of the taxpayer, nor, under regulations prescribed by the Commissioner with the approval of the Secretary, shall it apply to the taxable year in which the taxpayer makes a timely payment of estimated tax within or before each quarter (excluding, in case the taxable year begins in 1943, any quarter beginning prior to July 1, 1943) of such year (or in the case of farmers exercising an election under section 60(a) within the last quarter) in an amount at least as great as though computed (under such regulations) on the basis of the taxpayer's status with respect to the personal exemption and credit for dependents on the date of the filing of the declaration for such taxable year (or in the case of any such farmer, or in case the fifteenth day of the third month of the taxable year occurs after July 1, on July 1 of the taxable year)

but otherwise on the basis of the facts shown on his return for the preceding taxable year. In the case of taxable years beginning prior to October 1, 1950, and ending after September 30, 1950, the additions to tax prescribed by this subsection shall not be applicable if the taxpayer failed to meet the 80 per centum and 66-2/3 per centum requirements of this paragraph by reason of the increase in normal tax and surtax on individuals imposed by section 101 of the Revenue Act of 1950. In the case of taxable years beginning prior to November 1, 1951, and ending after October 31, 1951, the additions to tax prescribed by this subsection shall not be applicable if the taxpayer failed to meet the requirements of this paragraph by reason of the increase in rates of tax on individuals imposed by the Revenue Act of 1951." 26 U.S.C.A. § 294, 1952 Ed.

3. H. Conference Rep. No. 510, 78th Cong., 1st Sess., p. 56 (Cum.Bull. 1351, 1372).

4. Section 29.294–1 (d) (3) (A) of Treasury Regulation 111 reads:

"(3) *Substantial understatement of estimated tax.*—* * *

*   *   *   *   *

"(A) * * * In the event of a failure to file the required declaration, the amount of the estimated tax for the purpose of this provision is zero.

*   *   * "

er, 20 T.C. 308, affirmed on other grounds, 10 Cir., 213 F.2d 102; Ressnier v. United States, D.C.W.D.Ky., Civil Action No. 3273, 1957; Farrow v. United States, D.C., 150 F.Supp. 581; Peterson v. United States, D.C., 141 F.Supp. 382, 384; Hartley v. Commissioner, 23 T.C. 353, 360; Smith v. Commissioner, 20 T.C. 663.

██ Treasury regulations are presumptively valid and "must be sustained unless unreasonable and plainly inconsistent with the revenue statutes." Commissioner of Internal Revenue v. South Texas Lumber Co., 333 U.S. 496, 501, 68 S.Ct. 695, 698, 92 L.Ed. 831; United States v. Birdsall, 233 U.S. 223, 34 S.Ct. 512, 58 L.Ed. 930; United States v. Grimaud, 220 U.S. 506, 31 S.Ct. 480, 55 L.Ed. 563. Moreover, Treasury regulations, "long continued without substantial change, applying to unamended or substantially reenacted statutes, are deemed to have received congressional approval and have the effect of law." Helvering v. Winmill, 305 U.S. 79, 83, 59 S.Ct. 45, 46, 83 L.Ed. 52; Gus Blass Co. v. Commissioner of Internal Revenue, 8 Cir., 204 F.2d 327.

While it must be admitted that the sections of the statute in question themselves, without more, would leave one in a quandary as to the applicability of the substantial underestimation penalty in cases where no declaration of estimated tax has been filed, the legislative history accompanying the legislation plainly shows the congressional intent. This congressional intent has been embodied in the Treasury Regulations since No-

vember 15, 1943.[5] Although Congress has seen fit to amend, but substantially re-enact, the section of the statute here in suit several times since 1943,[6] it has not in any way indicated its disapproval of the Treasury Department's interpretation of the section as contained in its regulation. It may be safely assumed, therefore, that the Department's interpretation accords with the congressional intent. Helvering v. Winmill, supra; Gus Blass Co. v. Commissioner of Internal Revenue, supra.

██ Taxpayers suggest that the legislative history of the Acts amending but substantially re-enacting the sections here in suit do not repeat the interpretation of these sections contained in the Conference Report which accompanied the original legislation, and, consequently, this interpretation should be disregarded. In this contention they are supported by Stenzel v. United States, supra, [150 F.Supp. 365] which states, "There is nothing in the history of the Revenue Act of 1943 which shows that in re-writing Section 294(d)(2), Congress intended that, in the event of the failure to file the required declaration the amount of the estimated tax would be *zero*. The construction contended for by the Government is inconsistent with the plain congressional intention." With deference, this Court does not agree. The fact that the Congress amended but substantially re-enacted Section 294(d)(2) in the Revenue Act of 1943, as well as in subsequent revenue acts, without indicating disapproval of current, consistent and continued Bureau interpretation

5. See Note 4.
6. The estimated tax return provisions first appeared in the Current Tax Payment Act of 1943, 57 Stat. 126. The following amendments have been made to these provisions without disturbing the Treasury regulation and interpretation here in suit: Sec. 118(a) of Rev.Act 1943 (58 Stat. 37), 26 U.S.C. § 294(d); Sec. 13(a), Individual Income Tax Act of 1944 (58 Stat. 231), 26 U.S.C. §§ 58–60; Sec. 202(a), Revenue Act of 1948 (62 Stat. 110), 26 U.S.C.A. § 58(a); Act of Jan. 2, 1951 (64 Stat. 1136), 26 U.S.C. § 294(d) (2); Sec. 208(d) (4), Social Security Act, Amendment of 1950 (64 Stat. 477), 26 U.S.C. § 58(b) (1); Sec. 221(g), Revenue Act of 1950 (64 Stat. 906), 26 U.S.C. § 58(a); Sec. 103(b), Revenue Act of 1951 (65 Stat. 465), 26 U.S.C. § 294(d) (2). The 1954 Internal Revenue Code eliminated the penalty for failure to file an estimated return as well as the penalty for substantial underestimation of estimated tax. 26 U.S.C. § 6654, 1954 Ed.; Senate Report No. 1662, 3 1954 U.S.Code Cong. & Adm.News, p. 5241.

**101**

manifests congressional approval of the interpretation. Helvering v. Winmill, supra; Gus Blass Co. v. Commissioner of Internal Revenue, supra.

Judgments for the defendant.