Roy W. **ECHOLS**, Plaintiff,

v.

Laurie W. **TOMLINSON**, individually and as District Director of Internal Revenue for the District of Florida, Defendant.

Civ. No. 3870.

United States District Court
S. D. Florida,
Jacksonville Division.

Aug. 5, 1958.

Hill & Frazier, Jacksonville, Fla., for plaintiff.

James L. Guilmartin, U. S. Atty., Jacksonville, Fla., James P. Saunders, Atty., Tax Division, Dept. of Justice., Washington, D. C., for defendant.

SIMPSON, District Judge.

At pre-trial conference, pursuant to Rule 16 Federal Rules of Civil Procedure, 28 U.S.C.A., held in this cause on May 7, 1958, it was determined that two issues were involved: (a) Whether the plaintiff's failure to file a declaration of estimated tax for the year 1951 was due to reasonable cause and not to willful neglect, and that hence the Commissioner abused his discretion in assessing the penalty for failure to file declaration pursuant to Sec. 294(d) (1) (A) of the Revenue Code of 1939, 26 U.S.C.A. § 294 (d) (1) (A), and (b) Whether or not, no declaration of estimated tax having been filed, the Commissioner acted lawfully and properly in assessing and collecting the penalty for substantial under-estimate of tax under Sec. 294(d) (2) of the Internal Revenue Code of 1939.

It was agreed that question (a) was a fact question and should be submitted to a jury, and that question (b) was solely a question of law and should be decided by the Court upon motion for partial summary judgment.

The first issue was tried to a jury verdict upon a special interrogatory on May 22, 1958, the jury answering "No" to the following interrogatory: "Was there reasonable cause for the failure of Roy W. Echols to file a Declaration of Estimated Tax for the year 1951?" thus upholding the Commissioner's ruling and resolving the factual issue in favor of the defendant District Director.

The defendant District Director filed his motion for partial summary judgment on May 21, 1958, and this issue was thereafter submitted to the Court for decision upon briefs and reply briefs of the respective parties. It is now ripe for decision and its determination will resolve the only remaining issue between the parties.

The single issue involved is whether or not the Commissioner can legally assess and collect both the so-called 10% penalty under Sec. 294(d) (1) (A), and the so-called 6% penalty under Sec. 294(d) (2) with respect to the same tax year where a taxpayer has failed to file a declaration of estimated tax without reasonable cause. The plaintiff taxpayer relies upon United States v. Ridley, D.C. N.D.Ga.1954, 120 F.Supp. 530, and a number of District Court decisions following Ridley, including one decision in this district by my colleague District Judge Lieb in Witt v. Tomlinson, C.C.H. 58–1, U.S.T.C. No. 9437. He also cites a recent decision of the Court of Appeals for the Sixth Circuit, Acker v. Commissioner, 258 F.2d 568, likewise holding that it was error to impose both penalties and that the pertinent regulation, Treasury Regulation 111, Sec. 29294–1(b) (3) (i) [26 C.F.R. (1949)] is invalid insofar as it provides that "in the event of a failure to file the required declaration, the amount of the estimated tax for the purposes of this provision is zero."

The contrary view that it was legal for the Commissioner to assess both the 10% and the 6% penalties, relied upon by the District Director, is supported by a long line of Tax Court decisions, e. g. Fuller v. Commissioner, 20 T.C. 308, affirmed by the Tenth Circuit on other grounds, 213 F.2d 102, and by a number of District Court decisions. Included in the latter is the well-reasoned opinion in Palmisano v. United States, D.C.E.D. La.1958, 159 F.Supp. 98 in which Judge J. Skelly Wright reviewed the available authorities, including the Conference Report accompanying the original legislation (which the applicable regulation, supra, follows in almost identical language) and resolved the conflict in favor of the Government. Counsel for both parties advise that Palmisano is being appealed by the taxpayer to the Fifth Circuit, and taxpayer's counsel, in his original brief, suggested that this Court withhold decision of the instant case to await the disposition of Palmisano by the Court of Appeals. By letter of July 25, 1958, however, taxpayer's

counsel calls to the Court's attention the Fifth Circuit decision in Patchen v. Commissioner of Internal Revenue, 258 F.2d 544 and suggests that the defendant's motion for partial summary judgment should be granted. In the Patchen case the issue was squarely presented and it was decided that the Commissioner can impose the double penalty under Sec. 294(d) (1) (A) and Sec. 294(d) (2). Judge Brown, writing for the Court, indicates by his Footnote 16 that the opinion in Acker v. Commissioner, Sixth Circuit, supra, was received and considered during the course of the preparation of the Patchen opinion. Its contrary holding is noted with deference, but not followed. I agree with plaintiff's counsel, and I herewith note my appreciation for his promptness in calling the Patchen decision to my attention. Upon consideration of the foregoing, it is thereupon

Ordered and adjudged:

1. The defendant's motion for partial summary judgment (filed May 21, 1958) is granted, the Court finding that there is no genuine issue as to any material fact with respect to the second of the two issues involved in this case (the imposition of the double penalty), and that the defendant is entitled to judgment as a matter of law.

2. Based upon the jury verdict herein as to the first issue presented (that there was no reasonable cause for the plaintiff's failure to file his declaration of estimated tax for the year 1951), and upon the foregoing partial summary judgment as to the other issue presented, it is now further

Ordered and adjudged that the plaintiff, Roy W. Echols, take nothing by his said suit, and that the defendant, Laurie W. Tomlinson, individually and as District Director of Internal Revenue for the District of Florida, go hence without day; the defendant shall have judgment for his costs incurred herein and hereby taxed at $20, for which let execution issue.