## BRUDNO et al. v. COMMISSIONER OF INTERNAL REVENUE.

### No. 9492.

Circuit Court of Appeals, Sixth Circuit.

Nov. 29, 1943.

Irwin N. Loeser, of Cleveland, Ohio (Ezra Brudno and Irwin N. Loeser, both of Cleveland, Ohio, on the brief), for petitioners.

Irving Axelrod, of Washington, D. C. (Samuel O. Clark, Jr., Sewall Key, Samuel H. Levy, and Irving I. Axelrod, all of Washington, D. C., on the brief), for respondent.

Before SIMONS, MARTIN, and McALLISTER, Circuit Judges.

McALLISTER, Circuit Judge.

Petitioners, husband and wife, were owners of several apartment buildings. About 1929, they owed approximately $70,000 to various banks. The debt was unsecured and, upon demands from the creditors, petitioners borrowed $78,000 from the mother of Mrs. Brudno. Thereafter, they required additional funds from her and, in order to procure them, offered security in the form of a mortgage, which was not acceptable. It was finally agreed that petitioners would form a corporation, exchanging their real estate properties, consisting of the apartment buildings, for stock, and that the stock would be hypothecated as security for the loan. This was done. It may be observed that a mortgage and an additional incorporation were involved as to two of the apartment buildings; but these transactions do not affect determination of the issue here and, accordingly, reference will be made only to the effect of the matters above recited, inasmuch as they are controlling.

All the stock of the corporation was owned by petitioners. In 1937, they borrowed sufficient money to repay the loan; the corporation was then dissolved; and title to the apartment buildings transferred back to petitioners.

From 1934 to 1937, inclusive, the buildings were carried on the tax roll of Cuyahoga County, Ohio, in the name of the corporation; and during this period, corporation income and excess profits tax returns were filed on behalf of the corporation. The returns reported all gross income and deductions arising from the operation of the apartment buildings; and the corporation also paid franchise taxes to the State of Ohio. During this period, petitioners did not report in their individual or joint tax returns, any of the gross income or deductions on account of the apartment buildings. It was always understood that upon repayment of the above-mentioned loan, the corporation would be dissolved, and the property returned to petitioner.

In 1938, petitioners paid the real estate taxes on the apartment properties for 1937, which became a lien thereon during that year. During 1937, the title to the properties was in the name of the corporation and was not transferred back to petitioners until the corporation was dissolved in 1938. The Commissioner denied petitioners a deduction on their personal income taxes for payment of the 1937 real estate taxes on the corporate property, which they paid in 1938, on the ground that taxes are deductible only by the person upon whom they are imposed. Art. 23(c)-1, Treasury Regulations 101, promulgated under the Revenue Act of 1938.

On appeal, it is the contention of petitioners that the corporate entity should be disregarded and that they should be given credit on their personal income tax returns for the amount paid. Their argument is posited upon the ground that they owned all of the stock of the corporation; that the purpose of the incorporation was solely to give security for the debts which they owed personally; and that they were, in fact, the owners of the apartment buildings at the time the real estate taxes became due, and should be considered the persons upon whom the real estate taxes were imposed.

To sustain the decision of the Board, counsel for the Government mainly rely upon Moline Properties, Inc., v. Commissioner, 319 U.S. 436, 63 S.Ct. 1132, 87 L. Ed. 1499. There, an owner of real estate organized a corporation in 1928, at the behest of creditors, and conveyed his property to it as a means of saving his equity, protecting investments, and because of the agreement of a mortgagee to advance further funds on condition that the corporation would be organized. All the stock was issued to the owner, who pledged it with the mortgagee and placed it in a voting trust.

In 1933, the mortgages giving rise to the necessity of the incorporation procedure, were satisfied with funds secured by another mortgage loan, and control of the corporation was returned to the original owner during that year. The situation, then, at the end of 1933, was that the original owner of the real estate owned all the stock and had full control of the corporation that had been formed to save his equity through securing funds, that had subsequently been repaid. However, title to the property was not returned to the original owner, nor was the corporation dissolved. Thereafter, in 1934, while under the full control of its only stockholder, the corporation leased a portion of its properties for use as a parking lot and received $1,000 as rental therefor. Subsequently, the real estate was sold in three parcels, one each in the years 1934, 1935, and 1936. The corporation did not keep books of account or maintain a bank account; and after the last sale of its property in 1936, it transacted no further business. The sales made in 1934 and 1935 were reported in the corporation's income tax returns, a loss being reported for the first year, and a gain for the second. The sole stockholder afterward filed a claim, on behalf of the corporation, for refund for 1935 and sought to report the gain of that year in his individual return. He also, individually, reported the gain on the 1936 sale.

The Commissioner, in the cited case, refused to disregard the corporate entity, and taxed the 1935 and 1936 gains to the corporation. In sustaining the action of the Commissioner and reversing a holding to the contrary by the Board of Tax Appeals, the Circuit Court of Appeals said that, ordinarily, a corporation and its stockholders are, for purposes of taxation, held to be separate entities; the rule is not changed by the mere fact that one person owns all the stock of the corporation; and, in tax matters, the tendency is not to ignore the corporate entity but, rather, when natural persons are using corporate forms to do their business, they and their corporations are held to the literal consequences. Commissioner v. Moline Properties, Inc., 5 Cir., 131 F.2d 388.

On appeal to the Supreme Court, the judgment was affirmed. It was said that where an incorporation was for the purpose of complying with the demands of creditors, or to serve the creator's personal or undisclosed convenience, the corporation remains a separate taxable entity, as long as the purpose of the incorporation is the equivalent of business activity, or is followed by the carrying on of business by the corporation. While it was observed that, at the time the corporation in that case was created, the stockholder's control over it was negligible (which is contrary to the situation in the present case), nevertheless, decision appears rather to have rested upon the ground that, after the stockholder secured complete control, the corporation was not dissolved, but continued its existence, selling its property, engaging in the business of leasing and receiving rentals, and filing income tax returns, showing these transactions; that, therefore, it had a tax identity distinct from its stockholders. As to the contention that the corporation was a mere agent for the stockholder, it was remarked that the existence of a corporation with a single stockholder, regardless of the corporation's business activities, does not make the corporation the agent of its stockholder. While the court observed that there are certain exceptions to the rule that the corporate entity is not disregarded for tax purposes, and cited cases illustrating such

exceptions, there is no similarity between the instances mentioned and the case before us.

Here, the business of operating apartment buildings was carried on in the name of the corporation. It had title to the buildings, made leases, collected rentals, and filed income tax returns, showing gains and claiming deductions arising from these operations. Under the authority of the Moline case, the corporation had a tax identity distinct from its stockholders. The argument that the stockholders would have been personally liable for the real estate taxes of the corporation, under Ohio law, is not sustained by authority and, in our opinion, is without merit.

The decision of the Board of Tax Appeals (now the Tax Court of the United States) is affirmed.