Herman KNOP and Dorothy Owen Knop, Appellants,

v.

UNITED STATES of America, Appellee.

No. 15527.

United States Court of Appeals Eighth Circuit.

June 25, 1956.

---

Edson Smith, Omaha, Neb. (David W. Swarr and Swarr, May, Royce, Smith & Story, Omaha, Neb., on the brief), for appellants.

Kenneth E. Levin, Attorney, Department of Justice, Washington, D. C. (Charles K. Rice, Asst. Atty. Gen., Harry W. Shackelford, U. S. Atty., Omaha, Neb., Lee A. Jackson and Robert N. Anderson, Attorneys, Department of Justice, Washington, D. C., on the brief), for appellee.

Before GARDNER, Chief Judge, and VOGEL and VAN OOSTERHOUT, Circuit Judges.

GARDNER, Chief Judge.

Appellants, who are husband and wife, for the taxable year 1948 filed a joint in-come tax return. In due course, on October 23, 1952, the Director of Internal Revenue made a deficiency assessment in the amount of $9,799.44. This deficiency assessment was bottomed on the fact that Dorothy Owen Knop had during that taxable year sold to her brother, Edward Owen, for $43,500 one hundred forty-five shares of the capital stock of the Paxton & Vierling Iron Works. This deficiency assessment was anticipatorily paid by appellants October 13, 1952, following which they filed claim for refund of the amount so paid, claiming it had been erroneously and illegally assessed and collected. The claim for refund was denied, following which this action was brought to recover the amount so paid.

The sale of the one hundred forty-five shares of stock by Dorothy Owen Knop to her brother was evidenced by a written contract reading as follows:

"This agreement entered into this 15th day of October, 1948, between Dorothy O. Knop, first party, and Edward F. Owen, second party, *Witnesseth:*

"First party agrees to sell and second party agrees to buy from first party 145 shares of the capital stock of Paxton & Vierling Iron Works now owned by first party, ex dividends for the current year, for a total consideration of Forty-three Thousand Five Hundred Dollars ($43,500.00) payable March 1, 1949, with interest at five per cent from date hereof until due and 10 per cent thereafter until paid, said obligation of second party to be evidenced by his negotiable promissory note secured by a deposit of all of said stock as collateral security thereto.

"*In Witness Whereof,* the parties thereto executed this agreement on the date aforesaid.

/s/ Dorothy Bigger

/s/ Harry E. Judd

/s/ Dorothy O. Knop
　　　First Party

/s/ Edward F. Owen
　　　Second Party"

Pursuant to the terms of the contract Edward Owen executed and delivered to appellant Dorothy Owen Knop his promissory note for the amount of the agreed consideration, securing the note by pledging the stock purchased as collateral security. Edward Owen, at and prior to the time of execution of the note, was solvent and the note was collectible in full. While Edward Owen was financially amply responsible and able to pay this note he feared he would not be in funds, or liquid assets readily convertible, to pay the note at the time of its maturity and on advice of his father, who at the time was president and principal stockholder of Paxton & Vierling Iron Works, he entered into negotiations with his sister for a sale to her of his undivided one-half interest in certain real estate in Humboldt County, Iowa. The other undivided one-half of said real estate belonged to Dorothy Owen Knop. Such a sale was ultimately agreed upon and the terms of sale were evidenced by a written contract reading as follows:

"This agreement entered into this first day of February, 1949, by and between Dorothy O. Knop, first party, and Edward F. Owen, second party, *Witnesseth:*

"*Whereas,* the parties hereto as tenants in common are each the owners of an undivided one-half interest in the following described real estate, to wit:

"The West Half of the East Half and the East Half of the West Half of Section 15; also

"The Southeast Quarter and the Northeast Quarter of the Southwest Quarter of Section 14; also

"The West Half of the Northeast Quarter of Section 13; all in Township 93, Range 30, West of the 5th P. M., Humboldt County, Iowa.

"*Now, Therefore,* for the mutual consideration herein contained, it is agreed as follows:

"Second party agrees to sell and first party agrees to buy from second party all of second party's undivided one-half interest in the above described real estate for a consideration of Forty-four Thousand Two Hundred Twenty-five Dollars ($44,-225.00) in cash, transfer of title to be by warranty deed delivered February 15, 1949.

"*In Witness Whereof,* the parties hereto have executed this agreement on the date aforesaid.

*Witness:*

(s)  Dorothy Bigger

(s)  Harry E. Judd

(s)  Dorothy Bigger

(s)  Dorothy O. Knop
        First Party

(s)  Edward F. Owen
        Second Party

(s)  Dolores C. Owen
        Wife of Second Party"

On February 15, 1949, following the execution of this contract, Edward Owen conveyed by warranty deed to his sister, Dorothy Owen Knop, the land covered by the contract and in payment of the consideration appellant Dorothy Owen Knop gave to her brother his promissory note which was in the exact amount of the agreed consideration, which payment was accepted as complying with the terms of the contract providing for payment in cash. It was stipulated that the land conveyed by Edward Owen to his sister, Dorothy Owen Knop, was of the fair market value of Sixty-seven Thousand Five Hundred Dollars at the time of the conveyance.

As one of the defenses interposed by the government to plaintiffs' action to recover the amount of the tax claimed

to have been erroneously and illegally assessed and collected for the taxable year 1948, the government alleged:

"16. That if the transfers of stock and farm land herein are held to be separate, distinct, and unrelated transactions, then Dorothy Owen Knop and her husband should have reported in their 1949 income tax return the gain in the amount of approximately $24,000 realized on the exchange of Edward F. Owen's note in the face amount of $43,500 for Edward F. Owen's undivided one-half interest in said farm land, with the fair market value of $67,500, in accordance with Sections 111 and 113 of the 1939 Internal Revenue Code, which they failed to do. Said gain is taxable as ordinary income since the note was not held for six months by plaintiffs as required by Section 117(a) of the 1939 Internal Revenue Code. [26 U.S.C.A.]

"17. The collection of the 1949 tax at this time is not barred since plaintiffs thus omitted from their 1949 gross income an amount properly includible therein which is in excess of 25 per centum of the amount of gross income stated in his return which was $20,261.37. Accordingly, under Section 275(c) of the 1939 Internal Revenue Code collection at this time is timely.

"18. There is due and owing to the Government from plaintiffs the proper tax and statutory interest resulting from plaintiffs' failure to report said 1949 income.

"19. Defendant further says that in equity and in good conscience plaintiffs should not recover in this action that portion of 1948 taxes previously paid equivalent to the increased amount of tax that should have been paid for the taxable year 1949 as described above in paragraphs 16 to 18."

It was apparently the contention of the government in the trial court that the negotiations and contract by which Dorothy Owen Knop sold to her brother, Edward Owen, one hundred forty-five shares of stock of the Paxton & Vierling Iron Works, and the negotiations by which she purchased from her brother certain real estate, were so closely connected and related that they constituted one transaction and that her realized profit should be measured by the difference between the cost of the stock to her immediate grantors and the fair market value of the land which she purchased from her brother. However, the court found on the undisputed evidence and surrounding circumstances that Dorothy Owen Knop's sale of the one hundred forty-five shares of stock to Edward Owen October 15, 1948, was a single, complete and bona fide transaction in every respect and that the transfer of the Iowa land February 15, 1949, by Edward Owen to his sister, Dorothy Owen Knop, was likewise a bona fide transaction and was separate and distinct from the sale of the one hundred forty-five shares of stock on October 15, 1948, and that neither of these transactions was entered into for the purpose of evading any internal revenue law of the United States. No deficiency assessment was ever made by the Director of Internal Revenue against appellants for the taxable year 1949 and appellants were given no notice of any such assessment nor any opportunity to make an anticipatory payment thereof as a basis for filing claim for refund and suit to recover such alleged deficiency. The facts will be further developed in the course of this opinion.

Appellant Dorothy Owen Knop paid a capital gain tax calculated by her as resulting from the sale of the one hundred forty-five shares of stock but the court found that appellants had understated the amount of their capital gain realized on the sale of the one hundred forty-five shares of stock by $1,305.32, but that as the understatement did not approach 25 per cent of the gross income shown by their return, the applicable statute of limitations had run prior to

the deficiency assessment on October 23, 1952. The government perfected an appeal from this part of the judgment but its appeal has been dismissed and need be given no further attention. The court also held that appellant Dorothy Owen Knop realized a taxable gain in purchasing from her brother the real estate and paying therefor by delivering to him his promissory note, instead of paying the agreed consideration in cash. The court accordingly found in favor of appellants on their principal action for the year 1948, in the amount of $11,608.42, and for the government on its setoff against appellants for the year 1949, in the amount of $7,881.98. From that part of the judgment in favor of the government the appellants prosecute this appeal and seek reversal on the following grounds: (1) the court erred in concluding that the return of the note by Mrs. Knop to Owen in a bona fide transaction on February 15, 1949, as payment of the contract price of farm land pursuant to the contract executed February 1, 1949 for sale of the real estate for a consideration of $44,225.00 in cash, was the legal equivalent of an exchange of the note for the land; (2) the purchase of property at less than its true value does not give rise to income tax liability; (3) the purchase of the one-half interest in the farms by Mrs. Knop was a bargain purchase; and (4) the tax on the $725.00 gain is barred by the statute of limitations.

The only action before the court was that brought by appellants to recover certain amounts allegedly erroneously and illegally assessed and collected from them for the taxable year 1948. The court held that they were entitled to recover, but held that the government had a right to set off pro tanto against such recovery the amount of the alleged deficiency in the tax payment by appellants for the taxable year 1949. In this connection it should be noted that no deficiency assessment was made against appellants for 1949, as provided by the Internal Revenue Code of 1939, 26 U.S. C.A. § 272. 47 C.J.S., Internal Revenue, § 606, p. 838. Without such a deficiency assessment no liability therefor could properly be asserted against the appellants and it was not within the province of the court to make such a deficiency assessment. The controlling principle is declared in 47 C.J.S., supra, as follows:

"Under the Internal Revenue Code, 26 U.S.C.A. § 272, and similar statutes, the commissioner of internal revenue, on determining the existence of a deficiency, is required to send notice of such deficiency to the taxpayer by registered mail, and he may not impose an assessment for such deficiency until such notice has been mailed and the period of time fixed by the statute after such mailing has expired."

It is doubtful, in the absence of such a prerequisite, whether the alleged deficiency in the payment of taxes for the year 1949 could be pleaded as a setoff against a claim for overpayment for the year 1948.

The court, although holding that the contract by which Dorothy Owen Knop sold her one hundred forty-five shares of stock, and the contract by which she purchased her brother's interest in certain Iowa real estate, were separate and distinct contracts entered into in good faith, was of the view that the promissory note which Edward Owen had given his sister, representing the purchase price of the stock, was given in exchange for the land purchased and that in this transaction she realized a profit because the value of the land purchased by her was in excess of the value of the note. We cannot agree. The evidence of the transaction was in writing. The contract was one for the purchase of land for cash, not for an exchange or trade of the land for a promissory note. The note given in satisfaction of the contract was not the note of a third party but the note of the party to the contract to whom the payment in cash was due.

Had Mrs. Knop given her brother a check drawn on a bank in which she had ample funds it certainly would not be claimed that she traded her check for a deed to the land. It is now universally recognized that cash transactions do not contemplate the actual handing by the debtor to the creditor of physical currency. The cash payment required was satisfied by the surrender to Edward Owen of his promissory note in the exact amount of the agreed purchase price. This was accepted by the maker of the note as cash payment and we think constituted a cash payment. Pinellas Ice & Cold Storage Co. v. Commissioner, 287 U.S. 462, 53 S.Ct. 257, 77 L.Ed. 428; Walter Alexander Co. v. Wisconsin Tax Commission, 215 Wis. 293, 254 N.W. 544; Bingham v. Montcalm County, 251 Mich. 651, 232 N.W. 348. Cash does not necessarily mean so many physical dollars represented by currency. In the instant case the note was certainly the equivalent of cash and could readily have been converted into cash, and it was so considered by both parties to the contract. It is conceded that if Mrs. Knop had paid her brother $44,225 in currency, and he had then turned the currency back to her in payment of his note, no realizable profit would have been recognized by the transaction. To hold that these formalities, or the lack of them, should change the actual character of the transaction, subordinates substance to form and ignores realities. Commissioner of Internal Revenue v. Landers Corp., 6 Cir., 210 F.2d 108; United States v. Galveston-Houston Electric Co., 1 Cir., 84 F.2d 516.

It may well be that appellant Dorothy Owen Knop has, in the purchase of this land, consummated a profitable transaction, but that profit will be realized, if at all, in the future, on the sale of the land and be in the nature of a capital gain which can only be realized by a sale. Palmer v. Commissioner of Internal Revenue, 302 U.S. 63, 58 S.Ct. 67, 82 L.Ed. 50; Straight v. Commissioner of Internal Revenue, 8 Cir., 221 F.2d 284; Gutbro Holding Co. v. Commissioner of Internal Revenue, 2 Cir., 138 F.2d 16; 47 C.J.S., Internal Revenue, § 167, p. 296. In 47 C.J.S., supra, at page 296 the rule is succinctly stated as follows:

"A purchase of property does not give rise to taxable income until a profit is realized by the sale thereof".

It remains to consider the contention that Dorothy Owen Knop during the taxable year 1949 received interest on her brother's note amounting to $725, and that this was not reported in her income tax report for that year. In our view, as above expressed, this was the only unreported taxable item of income for the year 1949. There never was a deficiency assessment and no notice ever given to Mrs. Knop that there was any claim of deficiency. Quite aside from this, the unreported amount was less than 25 per cent of the gross income shown by appellants' return and consequently its collection was barred by the three year statute of limitations. 26 U.S.C.A. (1952 Ed.) § 275(a), no attempt having been made to assert a claim of deficiency until the government made answer in this case.

The judgment appealed from is therefore modified, consistent with this opinion, and the cause is remanded to the trial court with directions to enter judgment in favor of appellants on their principal action for the year 1948 and against the government on its setoff for the year 1949 pleaded in answer to plaintiffs' complaint.