MARVIN MAXEY AND BERNICE MAXEY, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 55416. Filed August 31, 1956.

*E. Harold Sheats, Esq.*, for the petitioners.
*Robert B. Kollen, Esq.*, for the respondent.

994

OPINION.

RICE, *Judge:* Section 58 (a)[1] provides that every individual whose *gross income* can reasonably be expected to exceed the amounts set forth in the statute shall file a declaration of estimated tax. The penalty for failure to file, provided by section 294 (d) (1) (A),[2] however, is based on the amount of tax actually due and hence relates to a taxpayer's *net taxable income*.

The petitioners herein stipulated that they "reasonably expected their gross income to exceed $600 during each of the years 1950 and 1951." We think the clear import of that stipulation is that they concede they came within the statutory language requiring the filing of declarations of estimated tax, as, indeed, the facts show they did. They argue, however, that even though they might reasonably have expected to receive sufficient gross income to require the filing of declarations, they had reasonable cause for not doing so because by the end of the year they thought their net taxable income would be zero and that they would thus owe no tax. They say this is so because of the large outstanding contingent claims, in the form of damage suits, pending against Associated. We think this argument without

---

[1] SEC. 58. DECLARATION OF ESTIMATED TAX BY INDIVIDUALS.

(a) REQUIREMENT OF DECLARATION.—Every individual (other than an estate or trust and other than a nonresident alien with respect to whose wages, as defined in section 1621 (a), withholding under Subchapter D of Chapter 9 is not made applicable, * * *) shall, at the time prescribed in subsection (d), make a declaration of his estimated tax for the taxable year if—

(1) his gross income from wages (as defined in section 1621) can reasonably be expected to exceed the sum of $4,500 plus $600 with respect to each exemption provided in section 25 (b); or

(2) his gross income from sources other than wages (as defined in section 1621) can reasonably be expected to exceed $100 for the taxable year and his gross income to be $600 or more.

[2] SEC. 294. ADDITIONS TO THE TAX IN CASE OF NONPAYMENT.

(d) ESTIMATED TAX.—

(1) FAILURE TO FILE DECLARATION OR PAY INSTALLMENT OF ESTIMATED TAX.—

(A) Failure to File Declaration.—In the case of a failure to make and file a declaration of estimated tax within the time prescribed, unless such failure is shown to the satisfaction of the Commissioner to be due to reasonable cause and not to willful neglect, there shall be added to the tax 5 per centum of each installment due but unpaid, and in addition, with respect to each such installment due but unpaid, 1 per centum of the unpaid amount thereof for each month (except the first) or fraction thereof during which such amount remains unpaid. In no event shall the aggregate addition to the tax under this subparagraph with respect to any installment due but unpaid, exceed 10 per centum of the unpaid portion of such installment. For the purposes of this subparagraph the amount and due date of each installment shall be the same as if a declaration had been filed within the time prescribed showing an estimated tax equal to the correct tax reduced by the credits under sections 32 and 35.

merit and insufficient to constitute the reasonable cause contemplated by the statute which would excuse failure to file declarations. What the petitioners did was simply take the chance that, even though they had substantial gross income, they could escape the penalty because they might not owe any tax.

Petitioners obviously could have reasonably expected their gross income to have been sufficient to have required the filing of declarations. From 1947, to and throughout the years in issue, they, in fact, realized a substantial profit on their taxicab business. It is to be remembered that in 1948 they had the same type of insurance coverage which they had during the years in issue, and for a part of 1949 they had no insurance coverage; but in both of those years the business yielded a substantial gross and net profit. In addition to that, petitioners received large amounts of gross and net income from four other sources in 1950 and from six other sources in 1951. Furthermore, we do not believe that this record warrants a finding that the amount of the outstanding claims which petitioners or Associated might have paid in either one of the years would have been anything more than a fraction of their face amount. In any event, the possibility of the payment of a contingent liability is no excuse for failure to file the declaration required by the statute. *Joseph Maloney*, 25 T. C. 1219 (1956). If petitioners or Associated had, in fact, been required to pay substantial damage claims during the year which would have forecast a substantially reduced tax, they could have filed an amended declaration. But the expectation of little or no *net taxable income* does not excuse a taxpayer's failure to file a declaration where the amount of his *gross income* satisfies the statutory requirement for filing. We therefore conclude that the petitioners' failure to file the declarations required by the statute was not due to reasonable causes. See *Joseph Maloney, supra;* and *John Adrian Cooper*, 25 T. C. 894 (1956).

Where no declarations of estimated tax are filed, the estimate is deemed to be zero and the addition to the tax provided in section 294 (d) (2)[3] for substantial underestimate of estimated tax is mandatory. Reasonable cause is not an available excuse absolving a taxpayer of that penalty. *Harry Hartley*, 23 T. C. 353 (1954), modified 23 T. C. 564 (1954) ; *G. E. Fuller*, 20 T. C. 308 (1953), affirmed on other grounds 213 F. 2d 102 (C. A. 10, 1954).

*Decision will be entered for the respondent.*

---

[3] SEC. 294. ADDITIONS TO THE TAX IN CASE OF NONPAYMENT.
    (d) ESTIMATED TAX.—
        *      *      *      *      *      *      *
        (2) SUBSTANTIAL UNDERESTIMATE OF ESTIMATED TAX.—If 80 per centum of the tax * * * exceeds the estimated tax * * *, there shall be added to the tax an amount equal to such excess, or equal to 6 per centum of the amount by which such tax * * * exceeds the estimated tax so increased, whichever is the lesser. * * *