**Warde H. ERWIN and Mary Lou Erwin, Appellants,**

v.

**Ralph C. CRANQUIST, District Director of Internal Revenue, Appellee.**

**No. 15620.**

United States Court of Appeals Ninth Circuit.

Feb. 13, 1958.

Writ of Certiorari Denied May 19, 1958.

See 78 S.Ct. 997.

Warde H. Erwin, Portland, Or., for appellants.

Charles K. Rice, Asst. Atty. Gen., Lee A. Jackson, A. F. Prescott, Marvin W. Weinstein, John McGarvey, Attorneys, Department of Justice, Washington, D. C., C. E. Luckey, U. S. Atty., Edward J. Georgeff, Asst. U. S. Atty., Portland, Or., for appellee.

Before HEALY, POPE and LEMMON, Circuit Judges.

## PER CURIAM.

Appellants sued to recover various penalties assessed against them, including one for failure to file a declaration of estimated tax on time. The basis for this claim is that § 58 Title 26 U.S.C. (1939 R.C.), requiring declaration of estimated tax by individuals, is unconstitutional and void, as is also that part of § 294 of the same Code, which prescribes penalties for failure to file such declaration or pay the installments thereof.

Appellant says § 58 is unconstitutional: (a) because when the return is required (April 15) there has been no income. All taxpayer has is a guess as to what the income for the year will be; and since there is then no income, the tax is not authorized by the Sixteenth Amendment; hence such a tax cannot be collected for it is not apportioned as required by Pollock v. Farmers Loan & Trust Co., 158 U.S. 601, 15 S.Ct. 912, 39 L.Ed. 1108; (b) because it violates the Fifth Amendment in requiring self-incrimination, and also because its requirement of a "guess" by the taxpayer imports fatal uncertainty into the law; and (c), because the same requirement of a "guess", under pains of perjury, amounts to an unreasonable search and seizure contrary to the Fourth Amendment.

We find these contentions without merit. The Sixteenth Amendment's grant of power "to lay and collect taxes on incomes", gave Congress power to accomplish that end by "all means which are appropriate, which are plainly adapted to that end, and which are not prohibited." McCulloch v. Maryland, 4 Wheat. 316, 421, 4 L.Ed. 579. The "pay-as-you-go" provisions of § 58 are such means. They are appropriate measures for the convenient collection of the income tax. We know of no reason why Congress may not require those who are in the process of earning or deriving income to file informational returns, or to pay currently installments of tax based on those returns.

The contentions as to self-incrimination and unreasonable searches and seizures appear to us to be frivolous. As for appellant's concern about perjury, he is not charged or threatened with any such thing, and "The Court will not pass upon the validity of a statute upon complaint of one who fails to show that he is injured by its operation." Mr. Justice Brandeis, concurring, in Ashwander v. Tennessee Valley Authority, 297 U.S. 288, 347, 56 S.Ct. 466, 483, 80 L.Ed. 688.

The judgment is affirmed.