1 F.3d 1240
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Carl J. ANDERSON; Roma M. Anderson, Petitioners-Appellants,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.
 No. 93-1303.
 United States Court of Appeals, Sixth Circuit.
 Aug. 9, 1993.
 
 Before: MILBURN, RYAN and BATCHELDER, Circuit Judges.
 
 ORDER
 
 1
 Carl and Roma Anderson, husband and wife and pro se litigants, appeal from a decision of the tax court which determined that the Andersons' income tax returns were deficient for the years 1985 through 1987. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Upon completion of an audit of the Andersons and their business, a notice of deficiency was sent to the Andersons. The Andersons contested the deficiency, arguing that they had paid more than their fair share of taxes, that their deductions for business expenses were denied, and that the government was unconstitutionally taxing its citizens. Upon completion of a trial, the trial court determined that the Andersons had put forth insufficient evidence to refute the determination of the deficiency of the IRS and that the Andersons' constitutional arguments were meritless.
 
 
 3
 On appeal, the Andersons argue that the IRS inappropriately increased deposits in their business accounts by funds that were taken from their personal account and deposited into the business accounts, that the Sixteenth Amendment is of no account as it is in direct contradiction to the Constitution, and that the present income tax has imposed involuntary servitude upon them.
 
 
 4
 In tax cases, a notice of deficiency which states the amount of income on which a taxpayer has not paid tax is presumed to be correct. Traficant v. Commissioner, 884 F.2d 258, 263 (6th Cir.1989). The taxpayer bears the burden of establishing that the Commissioner's determination is invalid. Helvering v. Taylor, 293 U.S. 507, 515 (1935). A taxpayer can show that the Commissioner's determination is invalid by submitting evidence of the correct amount of tax due or by submitting evidence that shows that the Commissioner's determination is arbitrary and excessive. Id. The tax court's determination of deficiency is a finding of fact which is subject to the clearly erroneous standard of review. Kearns v. Commissioner, 979 F.2d 1176, 1178 (6th Cir.1992).
 
 
 5
 Upon review, we are satisfied that the tax court's determination of deficiency was not clearly erroneous. The Andersons' evidence concerning loan income and credit card balances was conclusory and unsubstantiated.
 
 
 6
 As to the Andersons' claim on appeal that the IRS inappropriately increased their business account deposits by taking into account funds that were deposited in those accounts from their personal account deposit, we decline to address this argument as it was not presented to the tax court. See Estate of Quirk v. Commissioner, 928 F.2d 751, 757-58 (6th Cir.1991).
 
 
 7
 As to the Andersons' remaining arguments, it has long been settled that progressive tax rates are constitutional, Acker v. Commissioner, 258 F.2d 568, 575 (6th Cir.1958), aff'd, 361 U.S. 87, and cert. denied, 358 U.S. 940 (1959), and that neither the Sixteenth Amendment nor the Internal Revenue Code imposes involuntary servitude. Ginter v. Southern, 611 F.2d 1226, 1229 (8th Cir.1979), cert. denied, 446 U.S. 967 (1980); Porth v. Brodrick, 214 F.2d 925, 925-26 (10th Cir.1954).
 
 
 8
 Accordingly, the decision of the tax court is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.