GUY C. and ELAINE ABRAHAMSON, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Abrahamson v. Commissioner
Docket No. 7321-76
United States Tax Court
T.C. Memo 1978-26; 1978 Tax Ct. Memo LEXIS 487; 37 T.C.M. (CCH) 157; T.C.M. (RIA) 780026; January 23, 1978, Filed *487 Held, petitioner's income earned pursuant to to his trade or business of being a consulting engineer is subject to the self-employment tax of sec. 1401. Guy C. Abrahamson, pro se. Hector C. Perez, for the respondent. STERRETT
MEMORANDUM FINDINGS OF FACT AND OPINION STERRETT, Judge: Respondent determined a deficiency in petitioners' Federal income tax for the taxable year 1974 in the amount of $1,378. Due to concessions made by the parties the only issue remaining for our determination is whether income earned pursuant to Guy C. Abrahamson's trade or business of being a consulting engineer is subject to self-employment tax under section 1401, I.R.C. 1954. FINDINGS OF FACT Some of the facts have been stipulated and are so found. The stipulation of facts, together with the exhibits attached thereto, are incorporated herein by this reference. Petitioners, Guy C. and Elaine Abrahamson, husband and wife, resided in Saugus, California at the time the petition herein was filed. Their joint Federal income tax return for the taxable year 1974 was filed with the internal revenue service center, Fresno, California. Elaine Abrahamson is a party to this action only because she joined in *488 the filing of this return, and accordingly, Guy C. Abrahamson will hereinafter be referred to as petitioner. During the taxable year 1974, petitioner worked as an advisor/consultant for the Southern California Gas Company. His work entailed supervising well work in Aliso, Canyon, which sometimes meant working 16 hours a day, 6 days a week. In addition, petitioner was responsible for preparation of the work plan, daily reports on the work progress, a final report at the end of the job, and consulting with gas company employees as required. Petitioner was ill for 3 weeks early in 1974 and, although there was no agreement in writing, the gas company paid him throughout that period. Petitioner had control over the number of hours he worked. The company generally provided him with an office and secretaries when they were required. Petitioner received no vacation in 1974. For his services petitioner was paid professional fees totaling $29,120.21 in 1974 from which social security taxes were not withheld. Petitioner paid no self-employment taxes on these professional fees. Respondent determined that petitioner's net earnings from self-employment were subject to the tax on self-employment *489 income imposed by section 1401, computing the tax due thereunder to be $1,042.80 (7.9% of $13,200). No question is raised as to this amount. OPINION The only issue remaining for our determination is whether petitioner's income derived from his work as a consulting engineer is subject to self-employment tax under section 1401. Section 1401 provides that: (a) * * * In addition to other taxes, there shall be imposed for each taxable year, on the self-employment income of every individual, a tax as follows: * * *. (4) in the case of any taxable year beginning after December 31, 1972, the tax shall be equal to 7.0 percent of the amount of the self-employment income for such taxable year. * * *
(b) Hospital Insurance.--In addition to the tax imposed by the preceding subsection, there shall be imposed for each taxable year, on the self-employment of every individual, a tax as follows: (1) in the case of any taxable year beginning after December 31, 1973, and before January 1, 1978, the tax shall be equal to 0.90 percent of the self-employment income for such taxable year. Section 1401 is not couched in permissive terms. If the income in question fits within the section 1402 definition *490 of self-employment it is income subject to the tax regardless of the form on which such income is reported. Section 1402(b) defines self-employment income as "the net earnings from self-employment derived by an individual * * * during any taxable year." [1] Section 1402(a) defines net earnings from self-employment as "the gross income derived by an individual from any trade or business carried on by such individual, less the deductions allowed by this subtitle which are attributable to such trade or business." [2] Finally, section 1402(c) defines trade or business principally in terms of the section 162 definition thereof. Petitioner's trade or business is that of a consulting engineer. It follows that the professional fee he received from Southern California Gas Company (pursuant to his trade or business) fits within the section 1402(a) definition and, after the adjustments necessary to reach net earnings from self-employment, clearly falls within the section 1402(b) definition *491 of self-employment income. Petitioner contends that subjecting him to the self-employment tax is unconstitutional. Such an argument has little merit. The apparent test for constitutionality when economic legislation is involved, is whether some reasonable basis for disparate treatment of individuals exists. United States v. Maryland Savings-Share Insurance Corp.,400 U.S. 4 (1970) and the cases cited therein. Herein the inclusion of self-employed individuals in the Social Security System does not arbitrarily subject one segment of the population to different treatment. Instead, it attempts parity between those who are employees and those who are self-employed with respect to social security benefits and liabilities. Admittedly, the self-employed are required to pay a higher percentage of their wages into the social security fund. The reason behind the disparity is that employers also contribute a percentage of each employee's wages into the fund. In sum: We think it clear that persons receiving income from self employment can be subjected to additional income taxes on the moneys so received in the same way and to the same extent that persons not self employed can be and are *492 being so subjected. [Cain v. United States,211 F.2d 375, 377 (5th Cir. 1954), cert. den. 347 U.S. 1013 (1954).] Petitioner argues that subjecting him to the self-employment tax was not within the intent of Congress. However, at the time that section 480 of the 1939 Internal Revenue Code, the predecessor to section 1401 of the 1954 Code, was enacted the accompanying Senate Report contained the following language: B. Specific coverage groups added 1. The nonfarm self-employed.--No self-employed persons are covered by present law. Except for farmers and certain professional groups, the self-employed would be covered by the committee bill. Coverage would be compulsory. Your committee gave thorough consideration to the possibility of coverage on a voluntary basis, but found fundamental objections to that approach. The history of voluntary social insurance in other countries indicates definitely that only a very small proportion of all eligible individuals actually elect to participate. Moreover, the ones who do elect to participate are usually not those in the greatest need of such protection; that is, those of average or below-average income. In addition, voluntary coverage *493 would probably attract almost exclusively people who are already aged and others who can foresee a large possible return for their contributions; as a result, the program would be faced with adverse selection of risks and a serious drain on the trust fund. [S. Rept. No. 1669, 81st Cong. 2d Sess. (1950), S.S.A.A. of 1950, U.S. Code Congressional Service 3299.] An exception to the otherwise required payment of this tax exists for stipulated religious reasons. Section 1402(e), (g). The tax otherwise applies to all self-employed persons. Petitioner appears to have confused the social security system with private retirement plans. Plans which qualify under the Self-Employed Individuals Tax Retirement Act of 1962, frequently called Keogh or H.R. 10 plans, and individual retirement accounts, popularly called I.R.A.'s authorized by the Employee Retirement Income Security Act of 1974, are designed to extend the retirement benefits to many who cannot participate in qualified plans provided by private employers. They are not intended as a substitute for social security coverage but are designed as a supplement thereto. H. Rept. No. 93-807(1974), 1974-3 C.B. Supp. 361. The self-employment *494 tax provides for social security coverage. The self-employment tax is treated for purposes of its levy, assessment and collection as part of the income taxes under Subtitle A. The Sixteenth Amendment granted Congress broad powers over taxation. Erwin v. Cranquist,253 F.2d 26 (9th Cir. 1958). Cf. McCulloch v. Maryland,4 Wheat. 316 (1819). We sympathize with petitioner's desire to control and provide for his future. However, the Code clearly requires payment of self-employment taxes. Decision will be entered under Rule 155. Footnotes
1. There are two exceptions which are not relevant herein because neither party contends that only a portion of the earnings are subject to the sec. 1401↩ tax. 2. Again there are adjustments not relevant herein.↩